J-A17041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| D.L.W. | |
| Appellant | No. 2741 EDA 2013 |

Appeal from the Order dated September 5, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0001665-2004

BEFORE:  GANTMAN, P.J., PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant D.L.W. appeals from the September 5, 2013, order of the Court of Common Pleas of Montgomery County (trial court), which denied his petition to enforce a plea agreement.  By petitioning the court, Appellant sought relief from the requirement to register for lifetime as a sex offender under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-.41, which became effective on December 20, 2012.  Upon review, we vacate the order and remand this matter to the trial court.

By way of background, on January 29, 2004, Detective Mark Wickersham, Pottstown Police Department, charged Appellant with two

counts of indecent assault of a minor child,[1] two counts of endangering the welfare of children,[2] two counts of corruption of minors,[3] and two counts of unlawful contact with a minor.[4]    In his affidavit of probable cause accompanying the complaint, Detective Wickersham alleged:

> On November 26, 2003, Detective David Brooks #165 of the Norristown Police Department interviewed 7 year old [boy] at the Norristown Police Department in Montgomery County. Detective Brooks was interviewing [boy] to attempt to learn about possible sexual abuse to [boy] at the hands of the father, [Appellant], [D.L.W.].    Through the interview, [boy] told Detective Brooks that over the past 4-5 years, that his father has been touching him.    [Boy] explained to Detective Brooks that his father, [Appellant], would touch him every time that he visited his father, which was every week . . . .
>
> [Boy] described his father teaching [him] how to "encircle his hand and fingers around his father's penis, and to move his hand up and down, until sperm came out."    [Boy] told Detective Brooks that his father would on occasion touch [boy's] penis with his hand too.    [Boy] revealed to his mother . . . what was happening on November 14, 2003 because he did not want it to happen again, and he was suppose[d] to go to his father[']s house on that day.

Affidavit of Probable Cause, 1/29/04.

On August 17, 2004, in lieu of proceeding to trial, Appellant entered into a negotiated plea agreement under which he pled guilty to one count of indecent assault of a minor and one count of endangering the welfare of children.    As a result, the trial court imposed upon him a concurrent sentence of one to twenty-three months in county prison, followed by one

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

[2] 18 Pa.C.S.A. § 4304(a)(1).

[3] 18 Pa.C.S.A. § 6301(a)(1).

[4] 18 Pa.C.S.A. § 6318(a)(1).

year of probation. Also, as a direct consequence of the guilty plea, the trial court directed Appellant to register as a sex offender for ten years under the then-existing Megan's Law.[5] The remaining counts of indecent assault of a minor child, endangering the welfare of children, corruption of minors, and unlawful contact with a minor were *nolle prossed*. Appellant did not file a direct appeal.

On May 6, 2013, Appellant filed in the trial court a petition titled "PETITION TO ENFORCE PLEA AGREEMENT AND/OR WRIT OF HABEAS CORPUS AND/OR FOR EXEMPTION FROM APPLICABILITY TO CONTINUE TO RE-REGISTER UNDER PENNSYLVANIA'S 'NEW' MEGAN'S LAW AS A LIFETIME REGISTRANT" (the Petition).[6] By filing the Petition, Appellant sought relief

_____

[5] Act of May 10, 2000, P.L. 74, No. 18 (formerly codified at 42 Pa.C.S.A. §§ 9791-99.9). Megan's Law expired on December 20, 2012, and was replaced by SORNA. *See* 42 Pa.C.S.A. § 9799.41.

[6] The Petition was a direct consequence of the Pennsylvania State Police's (PSP) December 3, 2012, notice to Appellant regarding lifetime registration under SORNA. SORNA's registration requirements apply to persons who were required to register with PSP prior to December 20, 2012, and who had not fulfilled their period of registration as of December 20, 2012. *See* 42 Pa.C.S.A. § 9799.13(3)(i). SORNA reclassified the offenses requiring registration as a sex offender, and the length of the required registration. *See* 42 Pa.C.S.A. § 9799.14. During the period of registration, SORNA requires regular, in-person reporting to PSP. *See* 42 Pa.C.S.A. § 9799.15(e) (imposing quarterly, semiannual, or annual reporting requirements); *see also* 42 Pa.C.S.A. § 9799.15(g) (imposing requirements to appear in person to update information, including employment, telephone numbers, vehicle information and email and Internet identifiers). SORNA also increases the depth and scope of registry information collected. *See* 42 Pa.C.S.A. § 9799.16(b). Under SORNA, Appellant's conviction for indecent assault of a minor child (18 Pa.C.S.A. § 3126(a)(7)) was reclassified as a Tier III sexual
*(Footnote Continued Next Page)*

from the lifetime registration requirement imposed upon sex offenders under SORNA. Specifically, Appellant asserted that the lifetime registration requirement did not apply to him because, pursuant to his negotiated plea agreement, he was subject only to a ten-year registration. The Petition, 5/6/13, ¶ 4. Appellant further asserted that his constitutional rights were violated to the extent SORNA was applied to him retroactively. *Id.* at ¶ 12. In all, through the Petition, Appellant principally sought to enforce the ten-year registration requirement and enjoin the retroactive application of SORNA's lifetime registration requirement.

On June 25, 2013, the trial court conducted a hearing on the Petition. At the hearing, Appellant testified that he entered into a negotiated plea deal with the Commonwealth to avoid lifetime registration under Megan's Law. N.T. Hearing, 6/25/13, at 45. Specifically, the hearing transcript reveals:

> [Appellant's counsel]: And technically back when this case was going on in '04 you were potentially facing lifetime registration because of the two counts of indecent assault; is that correct?
>
> [Appellant]: Yes.
>
> [Appellant's counsel]: And you knew that, correct?
>
> [Appellant]: Yes. And that [is] why I took the plea agreement with the 10 year knowing that there's a lot of other factors around it.

*(Footnote Continued)* ————————

offense, demanding lifetime registration as a sex offender. *See* 42 Pa.C.S.A. §§ 9799.14(d)(8), 9799.15(a)(3). His conviction for endangering the welfare of children (18 Pa.C.S.A. § 4304(a)(1)), however, does not have any SORNA consequences and, as such, is irrelevant for purposes of the instant appeal.

*Id.*[7]

On September 5, 2013, following the hearing, the trial court issued an order denying the Petition. Appellant appealed to this Court. Although, based on the docket, it did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, the trial court nonetheless issued a Pa.R.A.P. 1925(a) opinion. In its opinion, the trial court concluded that the Petition had to be denied, in part, because it was time-barred under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Trial Court 1925(a) Opinion, 11/22/13, at 3. Specifically, in treating the Petition as a PCRA petition, the trial court reasoned:

> [Appellant's] Petition here is time-barred because, under the PCRA, all petitions must be filed within one year of the date on which judgment becomes final unless one of three statutory exceptions applies.
>
> . . . .
>
> [Appellant's] judgment of sentence became final on September 17, 2004 when the time for filing a direct appeal with the Pennsylvania Superior Court expired. [Appellant] thus had one year from that date—September 17, 2005—to file a timely PCRA petition. He did not file the instant petition until May 6, 2013, almost eight years after the deadline, therefore making this petition untimely. Furthermore, [Appellant] does not fall within one of the exceptions to the PCRA time-bar provisions because he did not plead one of the exceptions in [the] Petition[.]

*Id.* at 3-4. Moreover, the trial court concluded that the Petition had to be denied, because "the registration requirements of Megan's Law are not a

---

direct[, but rather a collateral,] consequence of [Appellant's] guilty plea."

*Id.*

On appeal, Appellant raises 5 arguments for our review:

1. In failing to grant [Appellant's] petition because the [trial court] failed to consider that the Commonwealth's retroactive application of SORNA to Appellant substantially impairs the Commonwealth's and Appellant's contract, the plea agreement, in violation of the Contract Clauses and Due Process Clauses of both the United States and Pennsylvania Constitutions;

2. In failing to grant [Appellant's] petition because the [trial court] failed to consider 42 Pa.C.S.[A]. § 9799.13 ("Applicability") as it pertains to Appellant;

3. In failing to grant [Appellant's] petition because the [trial court] failed to consider that changing, or expanding and extending, [Appellant's] registration and reporting requirements is a form of punishment as it in essence is equivalent to an extension of probation, and therefore, SORNA is a direct and not a collateral consequence;

4. In failing to grant [Appellant's] petition because the [trial court] failed to consider that requiring [Appellant] to register under SORNA when the acts underlying his conviction occurred prior to the effective date of SORNA violated the Ex Post Facto provisions of the United States and the Pennsylvania Constitutions; [and]

5. In failing to grant [Appellant's] petition because the [trial court] failed to consider that [Appellant's] petition does not constitute a PCRA petition.

Appellant's Brief at 4-5.

At the outset, we must examine whether the trial court erred in treating the Petition as one anchored in the PCRA. It is firmly established that to be eligible for PCRA relief, a petitioner must be (i) currently serving a sentence of incarceration, probation or parole; (ii) awaiting a sentence of death; or (iii) serving a sentence that must expire before the petitioner begins to serve the disputed sentence. 42 Pa.C.S.A. § 9543(a)(1). A person who has finished serving a sentence is ineligible for PCRA relief. ***See***

*Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010). Specifically, a person who is required to register as a sex offender but has finished serving his sentence is not eligible for relief under 42 Pa.C.S.A. § 9543(a)(1). *See id.* at 1175.

Instantly, we conclude that the trial court erred in addressing the Petition under the PCRA. The trial court lacked jurisdiction to entertain the merits of a PCRA claim because Appellant had finished serving his sentence.[8] Indeed, as the court noted, he finished serving his sentence years ago.[9] Also, none of the claims raised in the Petition fall within the purview of the PCRA, because Appellant did not challenge his sentence or allege that he was innocent of the offenses of which he was convicted. *See Commonwealth v. Masker*, 34 A.3d 841, 843-44 (Pa. Super. 2011) (*en banc*) (holding that a challenge to the classification of the defendant as a sexually violent predator is not a challenge to the conviction or sentence, and therefore not cognizable under the PCRA), *appeal denied*, 47 A.3d 846 (Pa. 2012).

_____

[8] The record reveals that Appellant's maximum sentence would have expired on July 20, 2006, and that the consecutive probationary period would have expired on July 20, 2007. *See* Application for County Probation.

[9] Like the PCRA, *habeas corpus* requires the petitioner to be in custody. 42 Pa.C.S.A. § 6502(a); *see also Commonwealth v. Smith*, 486 A.2d 445, 448 (Pa. Super. 1984) (*per curiam*) ("By its very nature, a petition for a writ of *habeas corpus* is appropriate only where the relator is in custody."). For the same reason, the trial court could not have addressed the Petition as a *habeas corpus* petition.

The proper means to address the substance of the Petition here is as a petition to enforce a plea agreement, as suggested by the title of the Petition.[10] **See Commonwealth v. Hainesworth**, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*), **appeal denied**, 95 A.3d 276 (Pa. 2014). In **Hainesworth**, the defendant pled guilty to statutory sexual assault, indecent assault, and criminal use of a communication facility. **Id.** at 445. None of the offenses to which Hainesworth pled guilty required him to register as a sex offender. **Id.** at 446. After SORNA became effective, however, Hainesworth's indecent assault offense was reclassified as a Tier II sexual offense, requiring him to register for twenty-five years. **Id.** Because he was still on probation when SORNA went into effect, Hainesworth filed a motion to terminate his supervision to avoid SORNA's registration requirements. **Id.** Although the trial court denied his motion, it nonetheless issued an order declaring that Hainesworth was not subject to the registration requirements of SORNA. **Id.**

_____

[10] Our review of the trial court's grant or denial of a petition to seek enforcement of a plea agreement is as follows:

> In determining whether a particular plea agreement has been breached, we look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement *will be construed against the [Commonwealth]*."

**Commonwealth v. Hainesworth**, 82 A.3d 444, 447 (Pa. Super. 2013) (e*n banc*) (internal citations omitted) (emphasis added), **appeal denied**, 95 A.3d 276 (Pa. 2014).

Upon review, we affirmed, concluding that the requirement for Hainesworth to register under SORNA should be framed as an issue of contract law. *Id.* at 447. Specifically, we noted, based upon our review of the plea colloquy, that Hainesworth's guilty plea was premised on the withdrawal of all charges requiring registration and concluded that non-registration was a term of the plea agreement. ***See id.*** at 447-49 ("The terms of the plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside of these areas."). We recognized that "[r]egistration has serious and restrictive consequences for the offender, including prosecution if the requirement is violated," and determined that the plea agreement should be enforced specifically under principles of contract law, including fundamental fairness. ***Id.*** at 449 (stating that plea-bargaining is a crucial element of the criminal justice system, as nearly ninety-four percent of state convictions are the result of guilty pleas and that "it is crucial that plea agreements are enforced, 'to avoid any possible perversion of the plea bargaining system.'") (internal citations omitted).

In the case *sub judice*, Appellant alleges that he conditioned the entry of his plea on the Commonwealth's withdrawal of the charges that would have subjected him to lifetime registration under Megan's Law.[11] Appellant

---

[11] Under 42 Pa.C.S.A. § 9795.1(b)(1), which is now expired, Appellant would have been subject to lifetime registration had the Commonwealth not agreed
*(Footnote Continued Next Page)*

further alleges that because of the withdrawal of those charges, he pled guilty to only one Megan's Law offense—*i.e.*, indecent assault of a minor child—that only required registration as a sex offender for ten years. Regrettably, because the trial court dismissed the Petition under the PCRA, the court had no occasion to render factual findings regarding the circumstances surrounding Appellant's guilty plea. Differently put, although we appreciate Appellant's allegations on appeal, we are unable to determine whether the ten-year registration requirement was a term of the bargain struck in the plea agreement that must be enforced. Thus, given this Court's inability to engage in a meaningful review of the case, we remand this matter to the trial court with instruction to review the August 17, 2012, guilty plea and June 25, 2013, hearing transcripts to render factual findings on this issue. In the event the trial court determines that Appellant credibly has established that the ten-year registration requirement was a term of the plea agreement, the court shall enforce such agreement and grant the Petition. **See Commonwealth v. Fruehan**, 557 A.2d 1093, 1094 (Pa. Super. 1998) ("If a trial court accepts a plea bargain, the defendant who has

*(Footnote Continued)* ───────────

to withdraw the second count for indecent assault of a minor child (18 Pa.C.S.A. § 3126(a)(7)) and two counts of unlawful contact with minors (18 Pa.C.S.A. § 6318(a)(1)). **See Commonwealth v. Merolla**, 909 A.2d 337, 345 (Pa. Super. 2006) (holding that where the defendant pled *nolo contendere* to two separate counts of indecent assault, albeit at the same plea hearing, he had two convictions of that offense for purposes of Section 9795.1).

given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney."); **accord Hainesworth**, 82 A.3d at 449. On the other hand, if the court determines that the ten-year registration was not bargained-for, it shall address Appellant's constitutional argument pertaining to SORNA's retroactive application prior to denying the Petition.[12]

Based on the foregoing, we vacate the trial court's order because it improperly dismissed the Petition as arising under the PCRA, and remand the matter to the trial court to render findings of fact necessary to determine whether Appellant negotiated the ten-year registration requirement and rule on the Petition.[13]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[12] We direct the trial court's attention to **Commonwealth v. Perez**, 2014 PA Super 142, __ A.3d __, 2014 WL 3339161 at *11 (filed July 9, 2014) ("SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses[, a]s a result, the trial court did not err when it retroactively applied the new requirements and classification to [a]ppellant.").

[13] Because we remand this matter to the trial court to render factual findings on an issue dispositive of this appeal, we decline to address Appellant's remaining arguments.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014